AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>Charles Anthony JOHNSON<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  3:19 mj 287<br>)<br>)<br>)<br>) |

FILED
RICHARD W. NAGEL
CLERK OF COURT
2019 MAY 16  AM 9:50
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WESTERN DIV. DAYTON

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  May 15, 2019  in the county of  Montgomery  in the
Southern  District of  Ohio  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(l)(B) | possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl |

This criminal complaint is based on these facts:

Attached Affidavit of Timothy Wallace

☑ Continued on the attached sheet.

*Complainant's signature*

Timothy Wallace, SA of the HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5-16-19

*Judge's signature*

City and state:  Dayton, Ohio                    Sharon L. Ovington, US Magistrate Judge
*Printed name and title*

ATTACHMENT "A"

AFFIDAVIT

1. I, Timothy J. Wallace, a Special Agent for United States Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), am hereinafter referred to as Affiant. As such, Affiant sets forth the following in support of an arrest warrant for Erick Daniel PEREZ-Barron

2. I am an employee of Homeland Security Investigations assigned to the Cincinnati Resident Office. I have been a Special Agent with HSI since July 2009. I attended and graduated from the basic agent training course in Brunswick, Georgia and have received extensive training in the investigation of narcotics trafficking and financial crimes from Homeland Security Investigations, as well as ongoing in-service training.

3. Since February 2018, Affiant has been assigned to the HSI Border Enforcement Security Task Force (BEST) in Dayton, Ohio.

4. As a Special Agent for HSI, Affiant is charged with the duty of enforcing among other Titles, the Controlled Substance Act, Title 21, United States Code, together with other assigned duties as imposed by Federal law.

5. By virtue of Affiant's employment with HSI, I perform and have performed various tasks which include, but are not limited to:
   a) Conducting surveillance for the primary purpose of observing the activities and movements of drug traffickers;
   b) Functioning as a case agent which entails the supervision of specific aspects of drug investigations; and,
   c) The tracing and tracking of monies and assets gained by drug traffickers from the illegal sale of drugs.

6. This Affidavit is submitted in support of a criminal complaint, and seeks the issuance of arrest warrant for Charles Anthony JOHNSON, for violations of 21 U.S.C. § 841(a)(1) and (b)(l) (B) (possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl).

7. The information contained in this Affidavit is based upon an investigation conducted by your Affiant and other law enforcement officers. All of the details of the investigation are not included in this Affidavit, rather only information necessary to establish probable cause of the aforementioned violations.

## FACTS

### FACTS SUPPORTING PROBABLE CAUSE

1. Unless otherwise noted, when I assert that a statement was made, I received the information from a law enforcement officer who provided the information to me, either verbally or in a written report. The officer providing me with the information may have received the information by way of personal knowledge or from another source.
2. On or about May 15, 2019, members of the Miami Valley Bulk Smuggling Task Force (MVBSTF) were at the Greyhound Bus Station located in Trotwood, Ohio conducting routine checks of inbound and outbound Greyhound buses.
3. Task Force Officer (TFO) Raymond Swallen and the Affiant observed a Greyhound Bus pull up to the terminal. The bus was traveling from Detroit, MI to Nashville, TN. TFO Swallen asked the driver of the bus for permission to board and was granted such.
4. TFO Swallen immediately walked to the rear of the bus and began to ask passengers for permission to view their bus tickets. The Affiant walked to the center of the bus and began to ask passengers for permission to view their bus tickets.
5. While speaking to another passenger, the Affiant observed two male passengers board the bus and walk down the aisle toward the Affiant. The affiant asked both male passengers if they would present their bus tickets. One of the male passengers, later identified as Charles JOHNSON, sat down in a seat next to the Affiant and stated that he could not locate his ticket. JOHNSON then departed the bus and walked toward the door of the bus terminal.
6. The Affiant returned to speaking with other passengers on the bus. A short time later, JOHNSON returned to the bus and presented the Affiant with his bus ticket bearing the name Charles JOHNSON. The Affiant then asked JOHNSON for identification (ID).

JOHNSON began searching his pockets and his wallet for his ID. The Affiant observed JOHNSON's hands shaking as he searched through the cards located in his wallet.

7. The Affiant asked JOHNSON if he had any bags with him on the bus or stored in the luggage compartment underneath the bus. JOHNSON stated that he did not.

8. JOHNSON claimed that he gave his ID to the bus driver and believed that she still had it. The Affiant and TFO Swallen asked JOHNSON to depart the bus so that they could asked the bus driver for his ID.

9. Before departing the bus, the Affiant observed a black jacket located on the floor of the seat adjacent to the seat JOHNSON was sitting in. The Affiant asked JOHNSON if the jacket was his. JOHNSON affirmed. The affiant advised JOHNSON to take his jacket with him so nobody took it while he was off the bus. JOHNSON affirmed and picked up the jacket.

10. TFO Swallen and the Affiant asked JOHNSON to stand next to the wall of the bus terminal. TFO Swallen asked JOHNSON if he had any weapons on his person. JOHNSON said he did not. TFO Swallen asked JOHNSON if he could check him (JOHNSON) for weapons. JOHNSON raised his hands in the air. TFO Swallen attempted to pat the outside of JOHNSON sweatshirt when JOHNSON became agitated and pulled away from agents while dropping his jacket to the ground. JOHNSON then attempted to flee from agents.

11. Agents apprehended JOHNSON and located approximately three plastic bags containing a white substance and one plastic bag containing white and green pills in the pocket of the jacket that was in JOHNSON's possession.

12. A field test of the substance in the largest package returned a positive result for the properties and characteristics of fentanyl. The tested package was found to weigh approximately 212 grams. The total weight of all three packages containing the white powder was approximately 287 grams.

13. Based on the facts set forth in the Affidavit, Affiant believes that there is probable cause to issue a criminal complaint and arrest warrant against Charles JOHNSON for violation of 21 U.S.C. § 841(a)(1) and (b)(l) (B) (possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl).

Timothy J Wallace, Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on May 16, 2019

Honorable Sharon L. Ovington
United States Magistrate Judge